◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN CHRISTIAN, Appellant.—

We find that the County Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea prior to sentencing *(see,* CPL 220.60 [3]). The record establishes that the plea was knowingly and voluntarily entered *(see, People v Harris,* 61 NY2d 9). Moreover, the defendant was given an ample opportunity to advance his contentions in support of his application to withdraw *(see, People v Futrell,* 142 AD2d 593; *People v Gomez,* 142 AD2d 649; *People v Bell,* 141 AD2d 749).

Although the defendant alleged that he was induced into pleading guilty by defense counsel's mistaken advice concerning his eligibility for early parole release under the aegis of the Shock Incarceration Program *(see,* Correction Law art 26-A), the defendant's contentions, in this regard, did not consti-

tute a valid basis for vacating his plea of guilty since shock incarceration was not made a condition of the plea *(see, People v Ramos,* 63 NY2d 640).

We have examined the defendant's remaining contention and find it to be without merit. Mollen, P. J., Brown, Kunzeman, Eiber and Miller, JJ., concur.