■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TAYLOR, Appellant. [726 NYS2d 169] —Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered January 21, 1999, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant entered a plea bargain agreement pursuant to which he pleaded guilty to the crime of attempted criminal

sale of a controlled substance in the third degree in full satisfaction of a 10-count indictment. In exchange, he was sentenced to a prison term of 3 to 9 years. Defendant appeals from the judgment of conviction, contending that his guilty plea should be vacated because he entered it under the apprehension that he would be eligible for participation in a shock incarceration program (*see*, Correction Law art 26-A). Although the record is silent in this regard, defendant was apparently denied admission to a shock incarceration program following his conviction.

In any event, we are unpersuaded by defendant's contention. A review of the plea hearing transcript discloses that while defendant's eligibility for participation in a shock incarceration program was briefly discussed by defense counsel and County Court, his admission was never made a condition of the plea agreement (*see*, *People v Christian*, 158 AD2d 705, 706), nor could the agreement have been conditioned thereon as admission to the program is not determined until an inmate has submitted an application that has been screened by a "shock incarceration selection committee" (Correction Law § 866 [2]) and, if approved by the committee, has been passed on to the Commissioner of Correctional Services for a final determination (*see*, Correction Law § 867 [2]). Hence, defendant's admission to a shock incarceration program could not have been made a condition of the plea bargain agreement as neither the prosecution nor County Court had the power to guarantee his participation therein. Defendant has failed to show that his plea was other than knowing, voluntary and counseled; hence, the judgment of conviction will not be disturbed.

Cardona, P. J., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.