■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. VANGUILDER, Appellant. [821 NYS2d 492]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered September 29, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Having been charged with numerous felonies and one misdemeanor, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and was thereafter sentenced in accordance with the negotiated plea agreement to a prison term of 3 to 6 years with the recommendation that he be accepted into the shock incarceration program. Defendant now appeals, asserting that his guilty plea was not voluntary because it was entered under the belief that he would be allowed to participate in the shock incarceration program which, as it turns out, he was not permitted to do.

We affirm. Defendant's challenge to the voluntariness of his plea is unpreserved for our review given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Phillips*, 28 AD3d 939, 939 [2006]; *People v Trotter*, 28 AD3d 947, 948 [2006]). Nevertheless, considering defendant's argument, we find it to be without merit. The record is clear that defendant's plea agreement was not conditioned upon his admission into the shock incarceration program but, instead, upon County Court's recommendation, which was given (*see People v Taylor*, 284 AD2d 573, 574 [2001], *lv denied* 96 NY2d 925 [2001]). Indeed, it was not even possible to make acceptance into the program a condition of the plea bargain as nei-

ther County Court nor the People possessed the authority to guarantee participation therein (*see id.*). Defendant has failed to show that a condition of his plea agreement was violated or that his guilty plea was other than voluntary, knowing and intelligent.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.