■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KAWASKI DICKERSON, Appellant, v DAVID UNGER, Superintendent, Orleans Correctional Facility, Respondent. [877 NYS2d 727]—

Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (James P. Punch, A.J.), entered December 10, 2007 in a proceeding pursuant to CPLR article 70. The judgment dismissed the petition for a writ of habeas corpus.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: On appeal from a judgment dismissing his petition for a writ of habeas corpus, petitioner correctly concedes that the appeal is moot because he has been released from incarceration. We reject his contention that the issues raised herein fall within the exception to the mootness doctrine (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). The issue whether the Department of Correctional Services (DOCS) was entitled to ignore a sentencing recommendation and deny petitioner admission to a shock incarceration program is neither a novel issue nor one that will evade review (*see generally id.*). In any event, we note that it is well established that DOCS has broad discretion to evaluate applicants for shock incarceration (*see* Correction Law § 867 [2], [5]; *Matter of Gomez v Obot*, 170 AD2d 1036 [1991], *lv denied* 78 NY2d 856 [1991]), and that neither the People nor the sentencing court have the authority to grant admission into the program (*see People v Vanguilder*, 32 AD3d 1110 [2006], *lv denied* 7 NY3d 904 [2006]; *People v Taylor*, 284 AD2d 573 [2001], *lv denied* 96 NY2d 925 [2001]; *see also* Correction Law § 866 [2]; § 867 [2]). The further issue whether petitioner was fully informed of the consequences of his plea is also neither novel nor likely to evade review (*see e.g. People v Morbillo*, 56 AD3d 694 [2008]; *People v Minter*, 42 AD3d 914 [2007]; *see generally Hearst Corp.*, 50 NY2d at 714-715). Present—Scudder, P.J., Smith, Fahey, Carni and Pine, JJ.