█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSH WILLIAMS, Appellant. [924 NYS2d 539]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered July 6, 2009, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At the plea proceeding, the County Court outlined the terms of the plea arrangement, and promised that it would issue what it termed a "violent felony override" to make the defendant eligible for various programs of the Department of Correctional Services (*see People v Cumberbatch*, 24 Misc 3d 412 [2009]; *cf.* 7 NYCRR 1900.4 [c] [1] [iii]). The defendant agreed to those terms and, in response to the County Court's question, stated that he was pleading guilty to attempted burglary in the second degree under the first count of the indictment. The defendant allocuted to the voluntariness of the plea. The County Court thereafter asked the defendant if anyone had made any promises other than what the County Court had already outlined. The defendant responded, "I would just ask for the recommendation of Shock [incarceration] program." The County Court said, "I think I can get you in Shock with the violent felony override . . . I mean, it's up to the Shock program. But, if I override the violent felony, it doesn't appear that there's any reason why they won't accept you." The defendant then admitted facts constituting the crime to which he was pleading guilty, and he waived his right to appeal. In fact, the defendant was not eligible

for the shock incarceration program (Correction Law art 26-A), and the "violent felony override" could not affect that status (*see* Correction Law § 865 [1]).

The defendant contends that his plea of guilty was not knowing, voluntary, and intelligent because the County Court impliedly promised that he would be admitted to the shock incarceration program (*see* Correction Law art 26-A). Although the claim survives the defendant's otherwise valid waiver of his right to appeal (*see People v Morrow*, 48 AD3d 704, 705 [2008]; *People v Stewart*, 30 AD3d 624 [2006]), it is without merit. Examination of the plea transcript makes clear that neither the defendant's eligibility for the shock incarceration program (*see* Correction Law § 865 [1]), nor his ultimate admission to that program was a condition of the plea (*see People v Martinez*, 56 AD3d 800 [2008]; *People v Taylor*, 284 AD2d 573, 574 [2001]; *cf. People v Vanguilder*, 32 AD3d 1110, 1110-1111 [2006]; *People v Christian*, 158 AD2d 705, 705-706 [1990]).

By waiving his right to appeal, the defendant gave up his right to challenge the adequacy of his attorney's representation, except insofar as counsel's alleged ineffectiveness affected the voluntariness of the defendant's guilty plea (*see People v Ramos*, 77 AD3d 773, 774 [2010]). In reviewing that limited claim, we find that counsel was not ineffective (*see People v Wolmart*, 5 AD3d 706, 707 [2004]). Finally, in light of the defendant's waiver of the right to appeal, we do not review his claim that the sentence was excessive (*see People v Kirkorov*, 68 AD3d 1014 [2009]), particularly in light of the fact that he received the sentence that he was promised. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.