■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BENSON, Appellant. [953 NYS2d 380]—

Egan Jr., J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), entered May 19, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In full satisfaction of a four-count indictment and other pending charges, defendant waived his right to appeal, pleaded guilty to criminal sale of a controlled substance in the third degree and thereafter was sentenced to the agreed-upon prison term of two years followed by two years of postrelease supervision. Defendant now appeals contending, among other things, that his plea was involuntary.

We affirm. Initially, to the extent that defendant challenges his waiver of the right to appeal, we are satisfied—based upon our review of the plea colloquy and the written waiver executed by defendant—that defendant was both apprised of and clearly understood the rights that he was forfeiting (*see People v Santana*, 95 AD3d 1503, 1503 [2012]; *People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]). Accordingly, we find defendant's waiver to be knowing, intelligent and voluntary.

As to the balance of defendant's claims, any assertion that his plea allocution was factually insufficient is foreclosed by his valid waiver of the right to appeal and, further, is unpreserved for our review as there is no indication on this record that defendant moved to withdraw his plea or vacate the underlying judgment of conviction (*see People v Flake*, 95 AD3d 1371, 1372 [2012], *lv denied* 19 NY3d 973 [2012]; *People v Richardson*, 83 AD3d 1290, 1291 [2011], *lv denied* 17 NY3d 821 [2011]). Although defendant's challenge to the voluntariness of his plea—

including his assertion that the plea was induced by an unfulfilled promise that he would be admitted to a shock incarceration program—survives the appeal waiver (*see People v Robinson*, 86 AD3d 719, 720 [2011], *lv denied* 19 NY3d 966 [2012]; *People v Williams*, 84 AD3d 1417, 1418 [2011], *lv denied* 17 NY3d 863 [2011]), defendant's arguments on this point are unpreserved absent evidence of an appropriate postallocution motion (*see People v Taylor*, 89 AD3d 1143, 1143-1144 [2011]; *People v Planty*, 85 AD3d 1317, 1317-1318 [2011], *lv denied* 17 NY3d 820 [2011]). Moreover, the narrow exception to the preservation requirement is inapplicable here, as defendant did not make any statements during the course of the plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Board*, 75 AD3d 833, 833 [2010]; *People v Glynn*, 73 AD3d 1290, 1291 [2010]). Were we to consider defendant's arguments, we would find them to be lacking in merit. Simply put, neither defendant's eligibility for a shock incarceration program nor his admission thereto was a condition of his plea (*see People v Williams*, 84 AD3d at 1418; *People v Vanguilder*, 32 AD3d 1110, 1110 [2006], *lv denied* 7 NY3d 904 [2006]),* and the record before us does not support defendant's claim of coercion (*see People v Richardson*, 83 AD3d at 1291).

With respect to defendant's ineffective assistance of counsel claim, to the extent that such claim impacts upon the voluntariness of defendant's plea, it survives the otherwise valid waiver of the right to appeal (*see People v Jimenez*, 96 AD3d 1109, 1110 [2012]; *People v Planty*, 85 AD3d at 1318) but, absent an appropriate motion, is unpreserved for our review (*see People v Small*, 82 AD3d 1451, 1452 [2011], *lv denied* 17 NY3d 801 [2011]; *People v Peterkin*, 77 AD3d 1017, 1017-1018 [2010]). Further, to the degree that defendant asserts that counsel failed to adequately pursue potential defenses or sentencing options, this argument implicates matters outside the record—matters that are more appropriately considered in the context of a CPL article 440 motion (*see People v Planty*, 85 AD3d at 1318; *People v Davis*, 84 AD3d 1645, 1646 n [2011], *lv denied* 17 NY3d 815 [2011]).

Finally, defendant's valid waiver of the right to appeal both his conviction and sentence (*cf. People v Maracle*, 19 NY3d 925

---

* We note in passing that although County Court indeed could recommend that defendant be admitted to such a program, "neither County Court nor the People possess[ ] the authority to guarantee [defendant's] participation therein" (*People v Vanguilder*, 32 AD3d at 1110-1111; *see People ex rel. Dickerson v Unger*, 62 AD3d 1262, 1263 [2009], *lv denied* 12 NY3d 716 [2009]).

[2012]) precludes any claim that the sentence imposed was harsh and excessive (*see People v Lopez*, 97 AD3d 853, 853-854 [2012], *lv denied* 19 NY3d 1027 [2012]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.