■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SETH A. BOUTON, Appellant. [967 NYS2d 200]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), entered July 15, 2010, convicting defendant upon his plea of guilty of the crime of criminal mischief in the third degree.

Defendant pleaded guilty to criminal mischief in the third degree in satisfaction of a four-count indictment and other pend-

ing charges. Under the terms of the plea agreement, he agreed to be sentenced to four months in jail followed by five years of probation, waive his right to appeal and pay restitution. Defendant appeals.

Initially, we agree with defendant that his waiver of appeal was invalid. At the beginning of the plea proceeding, defense counsel recited the plea agreement and noted that it included "a waiver of appeal." This aspect of the plea was never mentioned again during that proceeding. As County Court never discussed the waiver, it necessarily did not assure itself that defendant understood that waiver. At sentencing, after the court imposed the sentence of incarceration and probation, the court had defendant sign the written waiver of appeal and verified that he signed it after reviewing it with counsel. But the court did not ensure that "defendant ha[d] 'a full appreciation of the consequences' of such waiver" (*People v Bradshaw*, 18 NY3d 257, 264 [2011], quoting *People v Seaberg*, 74 NY2d 1, 11 [1989]), which requires record proof that the defendant "comprehend[s] that an appeal waiver 'is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Bradshaw*, 18 NY3d at 264, quoting *People v Lopez*, 6 NY3d 248, 256 [2006]). This was especially important considering defendant's age, mental health history and lack of prior criminal history; defendant was 19 years old at the time of the crime and 21 at the time of sentencing, had been diagnosed and had ongoing problems with attention deficit hyperactivity disorder, past history of suicidal ideation, bipolar disorder, a possible learning disorder and a significant history of acting out on impulse. The written waiver also failed to explain the separate and distinct nature of the right being waived. As it is not evident on the face of the record that defendant was aware of this separate and distinct nature, we cannot be sure that his waiver of the right to appeal was knowingly and intelligently made (*see People v Lopez*, 6 NY3d at 256; *People v Secore*, 102 AD3d 1059, 1060 [2013]).

The concurrence states that nothing in the colloquy "indicated any lack of comprehension on defendant's part as to the consequences of the waiver." Due to the short nature of the portion of the colloquy addressing the waiver—which took place at the sentencing proceeding, after sentence was imposed, rather than at the plea colloquy when the terms of the plea agreement were being discussed—there is also nothing in the colloquy to indicate comprehension on defendant's part as to the consequences of the appeal waiver. Because it is incumbent on the trial court to " 'make certain that a defendant's understanding' of the waiver,

along with the other 'terms and conditions of a plea agreement[,] is evident on the face of the record' " (*People v Bradshaw*, 18 NY3d at 265, quoting *People v Lopez*, 6 NY3d at 256), this lack of record information indicating defendant's understanding of the waiver dictates a finding that the waiver was not knowingly and intelligently made.

Regardless of the invalidity of the waiver of appeal, we affirm. Defendant's challenge to the voluntariness of his guilty plea is not preserved, as the record does not indicate that he moved to withdraw his plea or vacate the judgment of conviction, and he made no statements during the plea colloquy that would bring this case within the narrow exception to the preservation rule (*see People v Secore*, 102 AD3d at 1060; *People v Benson*, 100 AD3d 1108, 1108-1109 [2012]). Defendant's ineffective assistance of counsel argument is similarly unpreserved for our review (*see People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Benson*, 100 AD3d at 1109).

Peters, P.J., and Egan Jr., J., concur.

Rose, J., concurs in a memorandum as follows: I differ with the majority only to the extent that I am satisfied that defendant's waiver of appeal was valid. County Court separately explained the rights encompassed by the waiver of appeal before accepting defendant's written appeal waiver, which was executed in open court. The court then obtained defendant's assurance that he understood the rights being waived and, after consulting with his attorney, defendant agreed to waive them orally. Nothing in the colloquy between defendant and the court indicated any lack of comprehension on defendant's part as to the consequences of the waiver. Accordingly, I would find it to be a knowing, intelligent and voluntary waiver of appeal (*see People v Benson*, 100 AD3d 1108, 1108 [2012]; *People v Santana*, 95 AD3d 1503, 1503 [2012]).

Ordered that the judgment is affirmed.