*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 26, 2015       105404
           105833
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
             Respondent,

      v                           MEMORANDUM AND ORDER

MATTHEW WIGGINS,
             Appellant.
_____

Calendar Date: January 5, 2015

Before: McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

Gail B. Rubenfeld, Monticello, for appellant.

James R. Farrell, District Attorney, Monticello (Katy Schlichtman of counsel), for respondent.

_____

Lynch, J.

Appeals (1) from a judgment of the County Court of Sullivan County (McGuire, J.), rendered November 15, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree, and (2) by permission, from an order of said court, entered April 2, 2013, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in a single count indictment with criminal possession of a controlled substance in the fourth degree stemming from his arrest at the mobile home of Joseph Orrego. On August 29, 2012, defendant pleaded guilty to the charge and waived his right to appeal. Prior to sentencing,

defendant moved to withdraw his plea and for the assignment of new counsel.  County Court denied the motion except to the extent of assigning new counsel for purposes of sentencing.  Defendant was then sentenced to the agreed-upon prison term of 4½ years followed by three years of postrelease supervision.  His motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied without a hearing.  Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Despite the fact that defendant's waiver of his right to appeal was otherwise valid, we agree that defendant's plea — the terms of which included defendant's waiver of his right to appeal — was not knowing and therefore must be vacated.  As to this argument, defendant maintains that his plea should be vacated because his counsel, the People and County Court all erred in addressing his eligibility for a shock incarceration program (see Correction Law art 26-A).  Initially, a claim of ineffective assistance of counsel survives a valid appeal waiver "to the extent that a defendant alleges that counsel's ineffectiveness impacted upon the voluntariness of his or her guilty plea" (People v Devino, 110 AD3d 1146, 1147 [2013]).  A motion to vacate a guilty plea "generally will not be granted absent evidence of fraud, innocence or mistake in the inducement" (People v McKinney, 122 AD3d 1083, 1083-1084 [2014]; see CPL 220.60 [3]; People v Mitchell, 73 AD3d 1346, 1347 [2010], lv denied 15 NY3d 922 [2010]).

During the plea allocution, defendant's counsel informed County Court that he had advised defendant that he was eligible for the shock incarceration program and that defendant was "entering his plea based upon my advice to that effect."  While County Court made clear that the decision on whether defendant would be approved for the program rested with the Commissioner of Corrections and Community Supervision, the court indicated that it would either take no position or give a positive recommendation at sentencing.  When the court inquired whether defendant would be eligible given his prior burglary conviction, the prosecutor responded that it was "likely" that defendant would be accepted into the program.  The flaw in this discussion

is that, having previously been convicted of a violent felony, defendant was not eligible for the program (see Correction Law § 865 [1]; 7 NYCRR 1800.4 [b] [1]). This is not a situation as in People v Benson (100 AD3d 1108 [2012]) and People v Williams (84 AD3d 1417 [2011], lv denied 17 NY3d 863 [2011]), where neither the defendant's eligibility nor ultimate admission into the shock incarceration program was a condition of the plea. Here, as counsel's statement quoted above confirms, defendant's eligibility for the program was the express basis for his plea. Moreover, by focusing on a potential recommendation and the likelihood of defendant being allowed to participate, the responding commentary of the court and prosecutor, however unintended, was misleading. Given the mistake by all involved in the plea proceeding, and counsel's failure to provide meaningful representation on this issue, we agree with defendant's contention that his motion to withdraw his guilty plea should have been granted.

Further, having vacated defendant's guilty plea, including the waiver of the right to appeal that was one of its terms, we turn to defendant's additional contention that he received ineffective assistance of counsel prior to the plea, specifically in regard to his suppression motion. In the initial suppression motion, counsel misstated that the seizure occurred when the police were "in defendant's apartment on an unrelated matter." While County Court recognized that defendant was actually arrested in the home of Orrego, the court determined, in an order dated August 1, 2012, that defendant lacked standing to challenge the warrantless entry into Orrego's home since defendant failed to show any connection to the home "beyond that of his mere transient presence." While this motion was pending, defense counsel received an affidavit from Orrego explaining that defendant was one of his "house guests for the night" and that the police entered his home over his objection. Remarkably, in a letter dated July 26, 2012, counsel inaccurately informed defendant that the People had consented to a suppression hearing concerning the search of the home and failed to alert the court of the Orrego affidavit. While counsel renewed his motion for a suppression hearing on August 14, 2012 relying on the Orrego affidavit, County Court again denied the motion finding, in part,

that the Orrego affidavit was not newly discovered evidence (see CPL 710.40 [4]).  This decision was made on August 29, 2012, the same day that defendant entered his plea.

Since we have determined that the plea must be vacated, and the case remitted to County Court for further proceedings, we further note that a trial court is not obligated to conduct a suppression hearing "unless the accused alleges facts that, if true, demonstrate standing to challenge the search or seizure" (People v Burton, 6 NY3d 584, 587 [2006]).  Pertinent here, "an overnight guest has an expectation of privacy in the host's home" and, thus, standing to contest a search of that home (People v Perretti, 278 AD2d 597, 599 [2000], lv denied 96 NY2d 762 [2001]; see Minnesota v Olson, 495 US 91, 98-99 [1990]; People v Ortiz, 83 NY2d 840, 842 [1994]; People v Murray, 169 AD2d 843, 844 [2d Dept 1991], lv denied 78 NY2d 1013 [1991]).  In our view, the facts set forth in the Orrego affidavit necessitated, at a minimum, that a hearing be held to determine whether defendant had standing to contest the search (see People v Mabeus, 47 AD3d 1073, 1075 [2008]; see also People v Jose, 239 AD2d 172, 173 [1997]; People v Cordoba, 179 AD2d 404, 404 [1992]; compare People v Scully, 14 NY3d 861, 864 [2010]).

Defendant's remaining arguments on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL article 440 motion, have been rendered academic by our decision.

McCarthy, J.P., and Garry, J., concur.


Clark, J. (dissenting).

Because defendant's admission into a shock incarceration program was not a condition of his plea agreement, we respectfully dissent.  Even though defense counsel, the People and County Court all ascribed to the mistaken impression that defendant would be eligible for such program, their error is irrelevant to our analysis of the validity of the plea to the extent that shock incarceration was not promised to defendant and

his eligibility was not a condition of his plea.

At the plea proceeding, County Court twice recited the terms of defendant's plea agreement stating that, "at the time of sentencing, the People will recommend a term of [4½] years in state prison plus three years of post release supervision, there will be fines and surcharges, the maximum fine on this is $15,000, the surcharges are about $375." Defendant acknowledged these terms and indicated that no other promises had been made. Upon being advised by counsel that defendant was entering his plea based upon the advice that he would be eligible for a shock program if he received a sentence of less than five years, the court indicated that it would keep an open mind about the program and would either take no position or positively recommend it. Moreover, the record demonstrates defendant's acknowledgment of County Court's explanation that whether he was ultimately admitted into a shock incarceration program was the decision of the Commissioner of Corrections and Community Supervision and not the court. Thus, we find the circumstances here to be no different from those presented in People v Benson (100 AD3d 1108 [2012]) or People v Williams (84 AD3d 1417 [2011], lv denied 17 NY3d 863 [2011]). Accordingly, we find that defendant's plea was knowingly, intelligently and voluntarily made and would affirm the judgment of conviction.

Furthermore, based upon defendant's valid waiver of his right to appeal, we find that defendant's arguments with respect to the suppression issue are not preserved for our review.

Egan Jr., J., concurs.

ORDERED that the judgment is reversed, on the law, plea
vacated and matter remitted to the County Court of Sullivan
County for further proceedings not inconsistent with this Court's
decision.

ORDERED that the appeal from the order is dismissed, as
academic.

ENTER:

Robert D. Mayberger
Clerk of the Court