Clark, J.
(dissenting). Because defendant’s admission into a shock incarceration program was not a condition of his plea agreement, we respectfully dissent. Even though defense counsel, the People and County Court all ascribed to the mistaken impression that defendant would be eligible for such program, their error is irrelevant to our analysis of the validity of the plea to the extent that shock incarceration was not promised to defendant and his eligibility was not a condition of his plea.
At the plea proceeding, County Court twice recited the terms of defendant’s plea agreement stating that, “at the time of *1233 sentencing, the People will recommend a term of [4V2] years in state prison plus three years of post release supervision, there will be fines and surcharges, the maximum fine on this is $15,000, the surcharges are about $375.” Defendant acknowledged these terms and indicated that no other promises had been made. Upon being advised by counsel that defendant was entering his plea based upon the advice that he would be eligible for a shock program if he received a sentence of less than five years, the court indicated that it would keep an open mind about the program and would either take no position or positively recommend it. Moreover, the record demonstrates defendant’s acknowledgment of County Court’s explanation that whether he was ultimately admitted into a shock incarceration program was the decision of the Commissioner of Corrections and Community Supervision and not the court. Thus, we find the circumstances here to be no different from those presented in People v Benson (100 AD3d 1108 [2012]) or People v Williams (84 AD3d 1417 [2011], lv denied 17 NY3d 863 [2011]). Accordingly, we find that defendant’s plea was knowingly, intelligently and voluntarily made and would affirm the judgment of conviction.
Furthermore, based upon defendant’s valid waiver of his right to appeal, we find that defendant’s arguments with respect to the suppression issue are not preserved for our review.
Egan Jr., J., concurs.
Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision. Ordered that the appeal from the order is dismissed, as academic.