*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                106025
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JAMIL A. MUHAMMAD,
                    Appellant.
_____

Calendar Date:   September 14, 2015

Before:  Egan Jr., J.P., Rose, Devine and Clark, JJ.

_____

        Frank A. Sarat, Homer, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Joann Rose
Parry of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered July 2, 2013, convicting defendant upon his
plea of guilty of the crime of falsifying business records in the
first degree.

        Defendant pleaded guilty to one count of falsifying
business records in the first degree in satisfaction of a
two-count indictment and other pending and potential charges.
When the plea was entered, County Court agreed to impose a prison
sentence of 1½ to 3 years and made further assurances that it
would order defendant into a shock incarceration program (see
Correction Law § 865 [2]).  Defendant was later sentenced, as a
second felony offender, to a prison term of 1½ to 3 years.  At
sentencing, however, the court stated that it opposed shock

incarceration and refused to order it, giving rise to this appeal.

Defendant argues that his plea was involuntary because it was induced by County Court's unfulfilled promise to order that he be admitted into a shock incarceration program and that the court improperly imposed a sentence in violation of the plea agreement. Although defendant failed to preserve this argument by making an appropriate postallocution motion (see People v Neithardt, 127 AD3d 1502, 1503 [2015]; People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]), we will exercise our discretion to take corrective action in the interest of justice (see CPL 470.15 [6]).

We start with the principle that a trial court always "retains discretion in fixing an appropriate sentence up until the time of sentencing" (People v Schultz, 73 NY2d 757, 758 [1988]). However, when the court wishes to depart from a promised sentence, it must either honor the promise or give the defendant the opportunity to withdraw the guilty plea (see People v McConnell, 49 NY2d 340, 346 [1980]; People v Selikoff, 35 NY2d 227, 241 [1974], cert denied 419 US 1122 [1975]). Accordingly, "[a] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Collier, 22 NY3d 429, 433 [2013], cert denied ___ US ___, 134 S Ct 2730 [2014] [internal quotation marks and citation omitted]).

Here, prior to defendant's guilty plea, County Court indicated its belief that defendant was eligible for shock incarceration and then unequivocally promised that it "would order him into it." When defendant specifically asked if shock incarceration was guaranteed, the court stated that it "would order it absolutely" and that a failure on the part of prison authorities to admit him would "defy an order of the [c]ourt." Furthermore, defense counsel stated that he was recommending that defendant accept the plea agreement "especially with a shock commitment." Thus, regardless of the fact that "neither County Court nor the People possessed the authority to guarantee [defendant's] participation" in the shock incarceration program (People v Vanguilder, 32 AD3d 1110, 1110-1111 [2006], lv denied 7 NY3d 904 [2006]; accord People v Benson, 100 AD3d 1108, 1109 n

[2012]; <u>People v Taylor</u>, 284 AD2d 573, 574 [2001], <u>lv denied</u> 96 NY2d 925 [2001]), the record reflects that defendant, in accepting the plea, relied upon County Court's promise to do exactly that. Consequently, we find that defendant's plea was not knowing, voluntary and intelligent, and that, because County Court's promise to defendant cannot be honored as a matter of law, he is entitled to vacatur of his guilty plea (<u>see</u> <u>People v Wiggins</u>, 126 AD3d 1229, 1230-1231 [2015]; <u>compare</u> <u>People v Benson</u>, 100 AD3d at 1109; <u>People v Williams</u>, 84 AD3d 1417, 1417-1418 [2011], <u>lv denied</u> 17 NY3d 863 [2011]; <u>People v Vanguilder</u>, 32 AD3d at 1110-1111).

Egan Jr., J.P., Devine and Clark, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court