*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                    106093
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

TERELL BETHEA,
                        Appellant.
_____


Calendar Date:  October 23, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____


        Sandra M. Colatosti, Albany, for appellant, and appellant
pro se.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

_____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered June 5, 2013, convicting defendant
upon his plea of guilty of the crime of murder in the second
degree.

        In full satisfaction of a six-count indictment, defendant
pleaded guilty to murder in the second degree and waived his
right to appeal.  In accordance with the plea agreement, County
Court sentenced defendant to a prison term of 17 years to life
and he was ordered to pay restitution.  Defendant now appeals.

        We affirm.  County Court distinguished the right to appeal
from the rights automatically forfeited by a guilty plea and

defendant executed a counseled written waiver in open court. Accordingly, defendant validly waived the right to appeal his conviction and sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Burritt, 127 AD3d 1433, 1434 [2015]). Therefore, his claim that his sentence is harsh and excessive is precluded as his "valid waiver of the right to appeal includes waiver of the right to invoke [this Court's] interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d at 255; accord People v Morrison, 106 AD3d 1201, 1202 [2013], lv denied 23 NY3d 1065 [2014]). To the extent that defendant's claims challenging the integrity of the grand jury proceedings survive his guilty plea, such claims are not reviewable inasmuch as the minutes of the proceedings were not included in the record (see People v Barill, 120 AD3d 951, 952 [2014], lv denied 24 NY3d 1042 [2014]; see generally People v Hawkins, 113 AD3d 1123, 1125 [2014], lv denied 22 NY3d 1156 [2014]).

Although defendant's claim that his plea was induced by an unfulfilled promise implicates the voluntariness of his plea and survives his appeal waiver, it is unpreserved for our review as there is no indication in the record that he made an appropriate postallocution motion (see People v Benson, 100 AD3d 1108, 1108-1109 [2012]; People v Hall, 89 AD3d 1323, 1323 [2011]), and he did not make any statements during the plea allocution that triggered the narrow exception to the preservation rule (see People v Merrill, 123 AD3d 1339, 1340 [2014], lv denied 26 NY3d 970 [2015]; People v Benson, 100 AD3d at 1109). Similarly, defendant's claim of ineffective assistance of counsel – to the extent that it impacts upon the voluntariness of his plea – is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Smith, 119 AD3d 1088, 1089 [2014], lv denied 24 NY3d 1089 [2014]; People v Watson, 110 AD3d 1110, 1111 [2013], lv denied 22 NY3d 1160 [2014]). Finally, defendant's challenge to the amount of restitution awarded is also unpreserved for our review as he did not request a hearing or otherwise challenge the amount at sentencing (see People v Miller, 126 AD3d 1233, 1234 [2015], lv denied 25 NY3d 1168 [2015]; People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]).

Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court