*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    106982
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

CHRISTOPHER MILLER,
                        Appellant.
_____

Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of
counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered April 17, 2014, convicting
defendant upon his plea of guilty of the crime of larceny in the
fourth degree.

        Defendant pleaded guilty to the reduced charge of grand
larceny in the fourth degree and waived his right to appeal.
County Court sentenced defendant as a second felony offender to a
prison term of 2 to 4 years, ordered shock incarceration
participation and imposed restitution.  Defendant appeals.

        Initially, we are unpersuaded by defendant's contention
that his waiver of the right to appeal was not knowing, voluntary

and intelligent.  Review of the plea colloquy reveals that County Court distinguished the right to appeal from the rights automatically forfeited by the guilty plea, and defendant executed a written waiver of appeal in open court after he acknowledged that he understood the waiver of the right to appeal.  Defendant's claim that the sentence is harsh and excessive is thus precluded by the valid waiver of the right to appeal (see People v Bethea, 133 AD3d 1033, 1033 [2015]; People v Beblowski, 131 AD3d 1303, 1304 [2015], lv denied 26 NY3d 1085 [2015]).

Defendant further argues that his plea was based upon an understanding that he would serve a shorter prison term due to his anticipated participation in the shock incarceration program.  As this claim challenges the voluntariness of the plea, it would survive his appeal waiver (see People v Benson, 100 AD3d 1108, 1108-1109 [2012]).  However, defendant notes in his brief that he is not seeking to withdraw or vacate his plea as involuntary, and his motion before County Court to vacate the sentence on this ground was withdrawn.  In any event, the determination as to whether to accept any particular individual into that program lies within the authority of the Department of Corrections and Community Supervision, rather than the court (see People v Vanguilder, 32 AD3d 1110, 1110-1111 [2006], lv denied 7 NY3d 904 [2006]; People v Taylor, 284 AD2d 573, 574 [2001], lv denied 96 NY2d 925 [2001]).

Turning to defendant's challenge to the restitution imposed, the record clearly reflects that defendant was informed that restitution was part of the underlying plea agreement. Further, although his challenge to the amount of restitution imposed survives his valid waiver of appeal, it is unpreserved given his failure to request a hearing or otherwise contest the amount of restitution imposed at sentencing (see People v Bethea, 133 AD3d at 1034; People v Miller, 126 AD3d 1233, 1234 [2015], lv denied 25 NY3d 1168 [2015]), and we decline to exercise our interest of justice jurisdiction to take corrective action.

We do, however, find merit in defendant's contention that County Court improperly ordered him to sell his property in order to satisfy the restitution amount. Forfeiture of property was not a condition of the plea agreement. Further, although the People assert that the court was entitled to decree a forfeiture of defendant's property as part of the judgment of conviction in accordance with Penal Law § 60.30, the record does not reflect that any order or judgment of forfeiture was issued by the court or that the People complied with the civil forfeiture procedures set forth in CPLR article 13-A (see People v Carmichael, 123 AD3d 1053, 1053 [2014]; People v McCoy, 96 AD3d 1674, 1675-1676 [2012]).

Peters, P.J., Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is modified, on the law, by vacating that portion of the sentence as ordered defendant's property sold, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court