People v Smith (2018 NY Slip Op 03025)





People v Smith


2018 NY Slip Op 03025


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


533 KA 15-01936

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RUBEN R. SMITH, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered April 23, 2015. The judgment convicted defendant, upon his plea of guilty, of falsifying business records in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of falsifying business records in the first degree (Penal Law § 175.10). Defendant contends that his plea was involuntary because it was induced by County Court's promise, subsequently unfulfilled, that he would be admitted into a shock incarceration program. To the extent that defendant was required to preserve that contention for our review but failed to do so (see People v Williams, 27 NY3d 212, 224 [2016]), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
The record establishes that the court believed it had the authority to grant defendant admission into a shock incarceration program and that it made such admission a condition of defendant's guilty plea. At sentencing, the court acted in accordance with its perceived authority and the plea agreement by imposing a term of incarceration of 1½ to 3 years "with shock camp." There is no dispute that defendant was not admitted into a shock incarceration program.
We agree with defendant that the court had no authority to assure him of admission into a shock incarceration program or to impose such as part of the sentence (see People ex rel. Dickerson v Unger, 62 AD3d 1262, 1263 [4th Dept 2009], lv denied 12 NY3d 716 [2009]). Inasmuch as the record establishes that defendant, in accepting the plea, relied on a promise of the court that could not, as a matter of law, be honored, defendant is entitled to vacatur of his guilty plea (see People v Muhammad, 132 AD3d 1068, 1069 [3d Dept 2015]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court