People v Williams (2018 NY Slip Op 07161)





People v Williams


2018 NY Slip Op 07161


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-09490
 (Ind. No. 1659/14)

[*1]The People of the State of New York, respondent,
v
Christopher Barnes Williams, also known as Christopher Williams, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered July 11, 2016, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
At the outset of the plea proceeding, defense counsel inquired on behalf of the defendant "if [the defendant] is eligible for any programs, Shock or Casis that the court will not oppose them." The Supreme Court responded that it would not oppose the defendant's inclusion in any program, and explained that it had no control over whether the defendant was accepted into any program.
The defendant contends that his plea was not knowing, voluntary, or intelligent because the Supreme Court induced his plea with a promise that he would be eligible for, and admitted to, the Shock incarceration program (see Correction Law § 865[1]), a promise that the defendant claims the court could not fulfill. The contention survives the defendant's valid waiver of his right to appeal (see People v Sanders, 25 NY3d 337, 339, 341-342; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 254, 257; People v Muniz, 91 NY2d 570, 575; People v Williams, 84 AD3d 1417, 1418). However, the contention is without merit. Examination of the plea transcript makes clear that neither the defendant's eligibility for the Shock incarceration program, nor his ultimate admission to that program, was a condition of the plea (see People v Bennett, 144 AD3d 697, 698; People v Whitty, 140 AD3d 802; People v Williams, 84 AD3d at 1418; People v Martinez, 56 AD3d 800; People v Christian, 158 AD2d 705, 706).
By waiving his right to appeal, the defendant gave up his right to challenge the adequacy of his attorney's representation, except insofar as counsel's alleged ineffectiveness affected the voluntariness of the defendant's plea of guilty (see People v Upson, 134 AD3d 1058; People v Haywood, 122 AD3d 769, 769-770; People v Williams, 84 AD3d at 1418). In reviewing that limited [*2]claim, we find that counsel was not ineffective (see People v Caban, 5 NY3d 143, 152; People v Henry, 95 NY2d 563, 566; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court