People v West (2020 NY Slip Op 07629)





People v West


2020 NY Slip Op 07629


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

110311

[*1]The People of the State of New York, Respondent,
v
Quareese West, Appellant.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Marsha King Purdue, Indian Lake, for appellant.
Letitia James, Attorney General, New York City (Priscilla Steward of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 9, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
Defendant and 56 other individuals were charged in an 86-count indictment with various crimes involving an alleged conspiracy to possess, distribute and sell narcotics throughout New York and New Jersey. As relevant here, defendant was charged with one count each of conspiracy in the second degree (count 1), criminal possession of a controlled substance in the first degree (count 66) and criminal possession of a controlled substance in the third degree (count 67). In full satisfaction of those charges, defendant agreed to plead guilty (under count 66) to the reduced charge of criminal possession of a controlled substance in the second degree with the understanding that he would be sentenced to a prison term of six years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant thereafter pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing.
Prior to sentencing, defense counsel requested that County Court consider defendant for participation in either the shock incarceration program or the Willard drug treatment program. Following a colloquy with counsel regarding whether the court could order defendant's participation in such programs without the People's consent, County Court imposed the agreed-upon prison term — noting that defendant could apply for participation in any program for which he was deemed eligible by the Department of Corrections and Community Supervision (hereinafter DOCCS). This appeal by defendant ensued.
Defendant initially contends that his plea was induced by an unfilled promise — namely, court-ordered enrollment in shock incarceration. Although this argument implicates the voluntariness of defendant's plea and thus survives his unchallenged waiver of the right to appeal, it is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Lamotte, 184 AD3d 907, 907 [2020]; People v Bethea, 133 AD3d 1033, 1034 [2015], lv denied 27 NY3d 992 [2016]; People v Benson, 100 AD3d 1108, 1108-1109 [2012]; People v Vanguilder, 32 AD3d 1110, 1110 [2006], lv denied 7 NY3d 904 [2006]), and the narrow exception to the preservation requirement was not triggered here (see People v Bethea, 133 AD3d at 1034; People v Benson, 100 AD3d at 1109). In any event, defendant's argument in this regard is belied by the transcript of the plea colloquy, which contains no mention of shock incarceration and otherwise fails to establish that defendant's plea was in any way conditioned or predicated upon his participation in such program (see People v Lamotte, 184 AD3d at 908; People v Benson, 100 AD3d at 1109; see also People v Vanguilder, 32 AD3d at 1110; compare [*2]People v Muhammad, 132 AD3d 1068, 1068-1069 [2015]). As the record fails to support defendant's claim that his guilty plea was premised upon a promise of court-ordered shock incarceration, we decline defendant's invitation to take corrective action in the interest of justice (compare People v Smith, 160 AD3d 1475, 1475-1476 [2018]; People v Muhammad, 132 AD3d at 1069).
To the extent that defendant asserts that County Court's failure to order shock incarceration rendered the underlying sentence illegal, thus obviating the need to preserve such argument for appellate review, we disagree. Consistent with the provisions of Penal Law § 60.04 (7), "a sentencing court may issue an order directing that DOCCS enroll the defendant in the shock incarceration program provided that the defendant is an eligible inmate, as described in Correction Law § 865 (1)" (Matter of Matzell v Annucci, 183 AD3d 1, 5 [2020] [internal quotation marks, brackets, ellipsis and citation omitted; emphasis added]). "To be statutorily eligible to participate in the program, an inmate who is sentenced to a determinate prison term must, among other requirements, be eligible for conditional release within three years" (id., citing Correction Law § 865 [1]).
As enrollment in shock incarceration is a matter of discretion (see Penal Law § 60.04 [7]), it necessarily follows that a sentencing court's failure to direct that a particular defendant be enrolled in such a program does not render the underlying sentence illegal. To the extent that defendant argues that County Court failed to exercise that discretion here — mistakenly believing that the People's consent was required — this issue need not detain us, as it appears that defendant was not an eligible inmate within the meaning of Correction Law § 865 (1) in the first instance.[FN1] County Court did, however, note that defendant could apply for participation in any program for which he was deemed eligible by DOCCS, which — under the circumstances — was all that the court could do. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: As calculated by DOCCS, defendant's conditional release date is October 14, 2022 — some 4½ years after his sentencing date.