People ex rel. Phillips v New York State Dept. of Corr. & Community Supervision (2021 NY Slip Op 04314)





People ex rel. Phillips v New York State Dept. of Corr. & Community Supervision


2021 NY Slip Op 04314


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


649 KAH 20-01267

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. CLIFTON PHILLIPS, JR., PETITIONER-APPELLANT,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (AMBER R. POULOS OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered January 13, 2020 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his petition for a writ of habeas corpus. The appeal has been rendered moot by petitioner's release from custody (see People ex rel. Dickerson v Unger, 62 AD3d 1262, 1263 [4th Dept 2009], lv denied 12 NY3d 716 [2009]), and the exception to the mootness doctrine does not apply in this case (see People ex rel. Stokes v New York State Div. of Parole, 144 AD3d 1550, 1551 [4th Dept 2016], lv denied 28 NY3d 915 [2017]; People ex rel. Smith v Cully, 112 AD3d 1316, 1317 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Although this Court has the power to convert the habeas corpus proceeding into a CPLR article 78 proceeding, we decline to do so under the circumstances here (see Stokes, 144 AD3d at 1551).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court