People v Elie (2024 NY Slip Op 04843)

People v Elie

2024 NY Slip Op 04843

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

111122
[*1]The People of the State of New York, Respondent,
v
Darren Elie, Also Known as Young, Appellant.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Thomas A. Breslin, J.), rendered January 8, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In 2016, defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of charges in two indictments, the first charging him with two counts of criminal sale of a controlled substance in the third degree and the second charging him with criminal possession of a controlled substance in the third degree. The indictments stemmed from separate incidents that occurred in April and May 2016, respectively — while defendant was on parole. He was sentenced, as a second felony offender, to a prison term of 10 years, to be followed by three years of postrelease supervision. Defendant thereafter successfully moved, pro se, to vacate the judgment of conviction pursuant to CPL article 440, with the People's consent, which Supreme Court granted based upon proof that defense counsel had incorrectly advised defendant prior to his guilty plea that his remaining parole time would be absorbed into his 10-year prison sentence although it was required to be served consecutively.
Defendant was returned to his preplea status, and thereafter accepted a plea offer pursuant to which he pleaded guilty to criminal possession of a controlled substance in the third degree under the second indictment, in satisfaction of both indictments. Defendant was sentenced, as an acknowledged second felony offender, to the agreed-upon prison term of 10 years, to be followed by three years of postrelease supervision, to be served consecutively to his remaining parole time. Defendant appeals.
Defendant argues that Supreme Court's remarks during the plea colloquy "might have" misled him into believing that he would receive credit against the 10-year sentence not only for time served pursuant to the earlier guilty plea but also for time spent in detention pursuant to a parole hold on a parole violation. He asks this Court to remit the matter to Supreme Court to determine whether an unfulfilled promise induced his guilty plea and, if so, that he be provided with an opportunity to withdraw his guilty plea.[FN1] However, we find that the record belies this claim.
Initially, Supreme Court's remark that defendant contends may have misled him was made during the plea allocution, and defendant failed to raise any objection or make an appropriate postallocution motion on this ground. Thus, this claim is unpreserved (see People v Demonia, 210 AD3d 1140, 1141 [3d Dept 2022], lv denied 40 NY3d 928 [2023]), and the narrow exception to the preservation rule was not triggered (see People v Lopez, 71 NY2d 662, 665-668 [1988]). Moreover, although "[a] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Collier, 22 NY3d 429, 433 [2013] [internal quotation marks and citations omitted], [*2]cert denied 573 US 908 [2014]; see People v Regan, 199 AD3d 1067, 1068 [3d Dept 2021]), Supreme Court fully honored the plea agreement here. To that end, defendant received the promised sentence, and the court made clear during the plea proceedings and at sentencing that it would run consecutively to any time owed on the parole violation. With regard to credit for time served, the court's remarks assured defendant that he would get credit toward this sentence for time served on his prior guilty plea that had been vacated, and cannot be read as a misrepresentation or promise that he would also receive credit toward this sentence for time served on the parole violation. This is particularly true given defendant's successful pro se motion to vacate his prior conviction, which was granted based upon the incorrect advice that time served on the parole violation would be absorbed by the new sentence, with the court clarifying that this was incorrect. As the record fails to support defendant's claim that his guilty plea was induced by an unfulfilled promise by Supreme Court, his request to remit the matter is denied (see People v Chaney, 160 AD3d 1281, 1283-1284 [3d Dept 2018], lv denied 31 NY3d 1146 [2018]).
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Regardless of the validity of defendant's waiver of appeal, as this claim implicates the voluntariness of his guilty plea, it is not precluded (see People v Chan, 214 AD3d 1071, 1072 [3d Dept 2023], lv denied 40 NY3d 927 [2023]; People v West, 189 AD3d 1822, 1824 [3d Dept 2020], lv dismissed 37 NY3d 975 [2021], lv denied 37 NY3d 1149 [2021]).