People v Townson (2025 NY Slip Op 00704)

People v Townson

2025 NY Slip Op 00704

Decided on February 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 6, 2025

CR-23-1512
[*1]The People of the State of New York, Respondent,
v
Robert T. Townson, Appellant.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Todd G. Monahan, Schenectady, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Tompkins County (Scott Miller, J.), rendered January 17, 2023, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with criminal possession of a weapon in the second degree and menacing in the second degree. In full satisfaction of that instrument, as well as additional charges pending in another county, defendant agreed to plead guilty to the reduced charge of attempted criminal possession of a weapon in the second degree. The plea agreement, which was reduced to writing, expressly acknowledged that both the People and defendant were free to recommend "[a]ny legal sentence" that could be imposed. After the People made clear that they would be seeking a state prison term — a point that defense counsel initially suggested was at variance with his understanding of the plea agreement — and County Court advised defendant of his potential sentencing exposure, defendant indicated that he wished to go forward with the plea. Defendant pleaded guilty to the reduced charge, and County Court subsequently sentenced defendant to a prison term of seven years, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant contends that his plea was induced by an off-the-record, unfulfilled promise — namely, that the People would not be seeking a state prison term. "Although this argument implicates the voluntariness of defendant's plea and thus survives his unchallenged waiver of the right to appeal, it is unpreserved for our review absent evidence of an appropriate postallocution motion, and the narrow exception to the preservation requirement was not triggered here" (People v West, 189 AD3d 1822, 1823 [3d Dept 2020] [citations omitted], lv dismissed 37 NY3d 975 [2021], lv denied 37 NY3d 1149 [2021]; see People v Elie, 231 AD3d 1200, 1202 [3d Dept 2024]; People v Demonia, 210 AD3d 1140, 1141 [3d Dept 2022], lv denied 40 NY3d 928 [2023]). In any event, "off-the-record promises made in the plea bargaining process will not be recognized where they are flatly contradicted by the record" (Matter of Benjamin S., 55 NY2d 116, 120 [1982]; accord People v Malloy, 152 AD3d 968, 972 [3d Dept 2017], lv denied 30 NY3d 981 [2017]; see People v Crowell, 130 AD3d 1362, 1363 [3d Dept 2015], lv denied 26 NY3d 1144 [2016], cert denied 580 US 1202 [2017]). Given defense counsel's acknowledgment that it was "clear" that the People were seeking a state prison term — followed by defendant's stated willingness to proceed with the plea — "we are satisfied that the minutes of the plea colloquy amply refute any claim of off-the-record promises allegedly made to defendant" (People v Meddaugh, 150 AD3d 1545, 1547 [3d Dept 2017]).
As to defendant's related ineffective assistance of counsel claim, insofar as it impacts the voluntariness of [*2]his plea, this claim survives his unchallenged appeal waiver but is similarly unpreserved for our review (see People v Nolan, 224 AD3d 996, 997 [3d Dept 2024], lv denied 42 NY3d 929 [2024]; People v Bethea, 133 AD3d 1033, 1034 [3d Dept 2015], lv denied 27 NY3d 992 [2016]). To the extent that his arguments on this point involve matters outside of the record, they are more properly addressed in the context of a CPL article 440 motion (see People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]; People v Nolan, 224 AD3d at 997). Finally, defendant's challenge to the severity of the sentence imposed, as well as his claim of judicial bias, are precluded by his unchallenged appeal waiver (see People v Torres, 218 AD3d 1046, 1046-1047 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]; People v Nack, 200 AD3d 1197, 1199 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]; People v Lynn, 106 AD3d 1280, 1280 [3d Dept 2013]). Accordingly, the judgment of conviction is affirmed.
Aarons, J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.