■ In the Matter of SHELTIERE BROOKS, Appellant, v GEORGE ALEXANDER, as Chair of the Division of Parole, Respondent. [883 NYS2d 381]—

Kane, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered July 29, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating petitioner's parole jail time credit.

In 1995, petitioner pleaded guilty to criminal possession of a controlled substance in the second degree and was sentenced to a prison term of three years to life. He successfully completed a six-month shock incarceration program, however, and was released to parole supervision in April 1996. Although he was declared delinquent on eight occasions between then and 2005, each time that the Board of Parole recommended revocation of his parole it contemporaneously recommended that parole be restored if petitioner successfully completed a drug rehabilitation program (see Executive Law § 259-i [3]). During the time periods between the dates on which he was declared delinquent and the dates on which he entered a drug treatment program, petitioner was held in custody in either a county jail or state prison while he awaited transfer to the treatment program. Inasmuch as petitioner completed treatment on each occasion, the corresponding declarations of delinquency were canceled (see 9 NYCRR 8004.3 [e] [2]).

In June 2007, petitioner violated his parole yet again. Following a final revocation hearing, an Administrative Law Judge declared petitioner delinquent and directed that he be reincarcerated for three years pursuant to a regulation which requires that any period of reincarceration for a shock releasee "be for at least a period of time equal to the minimum period of imprisonment imposed by the court" (9 NYCRR 8010.3 [a]). Petitioner's three-year time assessment was subsequently reduced by 190 days, reflecting jail time credit for the 140 days he was in custody prior to his transfer to the shock incarceration program in 1995 and 50 days for the time period between the declaration of delinquency for the 2007 violation leading to his present incarceration and the date on which he was returned to the custody of the Department of Correctional Services (see 9 NYCRR 8010.3 [b]). Petitioner was not, however, granted any

credit for those time periods during which he was held in custody while awaiting transfer to a drug treatment facility as a result of his eight earlier parole violations. After exhausting his administrative remedies, petitioner commenced this proceeding asserting entitlement to parole jail time credit for those occasions. Supreme Court dismissed the petition, concluding that petitioner was properly credited with all of the time to which he was entitled. Petitioner appeals.

We affirm. Giving deference to the agency charged with administering the law pertaining to credit against sentences, we find that the interpretation of the regulation here was reasonable (see People ex rel. Knowles v Smith, 54 NY2d 259, 267 [1981]; Matter of Citizens' Envtl. Coalition, Inc. v New York State Dept. of Envtl. Conservation, 57 AD3d 1279, 1279 [2008]). The regulation states that the minimum period of reincarceration for a shock releasee "shall be reduced by the violator's precommitment jail time and any time spent incarcerated at a [s]tate correctional facility other than a shock incarceration facility" (9 NYCRR 8010.3 [b]). The state interpreted that regulation to reduce petitioner's minimum period of reincarceration by time he spent in jail or prison prior to his commitment to the original shock incarceration program and prior to his commitment to prison on the 2007 violation. On each of the other occasions when he was declared delinquent, he was never committed to a correctional facility but was permitted to attend a drug rehabilitation program and had the delinquency canceled. Thus, he was credited with all "pre-commitment" periods of confinement, but not for periods of confinement that did not precede a commitment to a correctional facility. As this interpretation of the regulation was reasonable, petitioner received all of the credit he was due, rendering respondent's determination neither arbitrary nor capricious (see Matter of Matos v Goord, 27 AD3d 940, 941 [2006]).

Insofar as petitioner's argument can be construed as relying on Executive Law § 259-i (3) (h), his reliance is misplaced, as that statute credits time against an individual's determinate term or maximum term of imprisonment, not the minimum term.

Cardona, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.