In the Matter of Darrel Isaac, Appellant, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [891 NYS2d 918]—

Stein, J.

As relevant to this appeal, petitioner was sentenced to a 12½-to-25-year prison term in 1996 and received a consecutively running five-year sentence in 2000. Using such sentences as the basis for its calculation (*see* Penal Law § 70.40 [1] [a] [iv]), the Department of Correctional Services provided petitioner with a legal date computation sheet indicating that he would become eligible for parole on October 7, 2012. According to the computation sheet, that date was also the day on which petitioner would become eligible for conditional release. Asserting that he had not been provided with all of the good time credit to which he was entitled, petitioner filed an inmate grievance requesting that his legal date computation sheet be changed to reflect a conditional release date of December 7, 2011. The Central Office Review Committee denied petitioner's request, prompting him to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. "Judicial review of administrative decisions denying inmate grievances is limited to a determination of whether the challenged determination is irrational, arbitrary or capri-

cious" (*Matter of Harty v Goord*, 3 AD3d 701, 702 [2004] [citation omitted]; *Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]). Here, in denying petitioner's request, the Central Office Review Committee relied on Penal Law § 70.40 (1) (b) (ii), which unequivocally provides that "in no event shall a person be conditionally released prior to the date on which such person is first eligible for discretionary parole release." Accordingly, inasmuch as petitioner concedes that he will not become eligible for parole until October 7, 2012, judicial intervention is not warranted (*see generally Matter of Brooks v Alexander*, 64 AD3d 1096, 1098 [2009]; *Matter of Lamberty v Schriver*, 277 AD2d 527, 528 [2000]).

We have reviewed petitioner's remaining contentions and find them to be unavailing.

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.