■ In the Matter of JUAN HERNANDEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [917 NYS2d 714]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review (1) two determinations finding petitioner guilty of violating certain prison disciplinary rules and (2) a determination denying his grievance.

On April 30, 2009, petitioner was being prepared for transport from Eastern Correctional Facility in Ulster County to a medical facility. He was wearing a hard cast on his left forearm and, when a correction officer attempted to apply a boot cuff to it, petitioner complained that such device should not be used, pulled his arm away and refused to comply with the officer's

directive to be transported. As a result, he was charged in a misbehavior report with refusing a direct order and interfering with an employee. Following a tier II disciplinary hearing, he was found guilty of the charges and the determination was upheld on administrative appeal.

As the result of this incident, petitioner filed a grievance claiming that correction officials violated the "Milburn decree" by the manner in which they attempted to restrain petitioner for transport to the medical appointment.* The relief requested was referral to an orthopedic surgeon for purported injuries to petitioner's left wrist and expungement of the disciplinary charges. The Central Office Review Committee ultimately denied petitioner's grievance.

Thereafter, petitioner was charged in a second misbehavior report with additional disciplinary rule violations after he aggressively questioned a civilian vocational instructor about files that were missing from certain computers and ignored a correction officer's order to cease such conduct. Following a tier III disciplinary hearing, he was found guilty of creating a disturbance, interfering with an employee and refusing a direct order, but not guilty of harassment. This determination was also upheld on administrative appeal. Petitioner then commenced the instant CPLR article 78 proceeding challenging the two disciplinary determinations as well as the determination denying his grievance.

Preliminarily, respondent concedes and we agree that substantial evidence does not support the determination rendered after the tier II disciplinary hearing nor that part of the determination rendered after the tier III disciplinary hearing which found petitioner guilty of interfering with an employee. Accordingly, the determinations of guilt are annulled in that respect. It is not necessary, however, to remit this matter for a redetermination of the penalties as no loss of good time was imposed and petitioner has already served the penalties (see Matter of Belot v Selsky, 56 AD3d 911, 912 [2008]; Matter of Wan Zhang v Murphy, 1 AD3d 784, 784 [2003]).

Turning to the remainder of the tier III disciplinary determination, we find no reason to disturb it. Any deficiencies in the adequacy of the assistance initially provided to petitioner were remedied by the Hearing Officer when she appointed a second

---

* The Milburn decree refers to a settlement accord reached in a class action in Milburn v Coughlin (US Dist Ct, SD NY, 79 Civ 5077, Preska, J., 2007) and sets forth certain requirements for the operation of the Unit for the Physically Disabled at Green Haven Correctional Facility in Dutchess County as is explained in Stevens v Goord (535 F Supp 2d 373, 377 [2008]).

assistant and gave petitioner time to review the documentation requested before resuming the hearing (*see Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]; *Matter of Harris v Selsky*, 28 AD3d 982, 983 [2006]). Likewise, there is no merit to petitioner's challenge to the timeliness of the hearing inasmuch as proper extensions were obtained and the hearing was completed before the date set forth in the final extension (*see Matter of Morusma v Fischer*, 74 AD3d 1675 [2010]; *Matter of Sanders v Goord*, 47 AD3d 1183, 1183 [2008]). Furthermore, petitioner's claim of Hearing Officer bias is not substantiated by the record and there is no indication that the determination at issue flowed from any alleged bias (*see Matter of Shell v Superintendent of Oneida Correctional Facility*, 18 AD3d 1044, 1045 [2005]; *Matter of Black v Goord*, 12 AD3d 1005, 1006 [2004]). Petitioner's remaining claims with respect to the tier III disciplinary determination are either unpreserved for our review or are lacking in merit.

As for petitioner's challenge to the determination denying his grievance, we note that our review is limited to whether such determination is "irrational, arbitrary and capricious or affected by an error of law" (*Matter of Bermudez v Fischer*, 71 AD3d 1361, 1362 [2010], *lv denied* 15 NY3d 702 [2010]; *see Matter of Isaac v Fischer*, 69 AD3d 1144, 1144-1145 [2010], *lv denied* 14 NY3d 712 [2010]). The record reveals that petitioner's file did not contain a no restraint order at the time of the incident in question. Moreover, petitioner failed to demonstrate that the Milburn decree was applicable to his confinement at Eastern Correctional Facility. Notably, subsequent to the incident, petitioner was transported to medical appointments without a problem and did not request to be seen by an orthopedic surgeon. Under these circumstances, we cannot conclude that the denial of his grievance was irrational (*see generally Matter of Gibbs v Miller*, 10 AD3d 785 [2004]). To the extent that petitioner also requested expungement of the disciplinary determination from his institutional record, we note that such determination is not the proper subject of the grievance procedure (*see Matter of Adorno v Jones*, 113 AD2d 973, 974 [1985]).

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Adjudged that the determination dated May 15, 2009 rendered after the tier II disciplinary hearing is annulled, without costs, petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record. Adjudged that the determination dated July 24, 2009 rendered after the tier III disciplinary hearing is modified, on the law, without costs, by annulling so much thereof as found

petitioner guilty of interfering with an employee; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed. Adjudged that the determination dated July 1, 2009 denying petitioner's grievance is confirmed, without costs, and petition dismissed to that extent.