■ In the Matter of ALPHONSO SIMMONS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [915 NYS2d 676]——

Stein, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 7, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

In 2008, petitioner placed third in an election for two inmate representative seats on Attica Correctional Facility's Inmate Grievance Resolution Committee (hereinafter IGRC), rendering him an alternate inmate representative (*see* 7 NYCRR 701.4 [b]

---

[3] [i]). Following the transfer of one of the elected representatives, the IGRC appointed a new representative with the facility superintendent's consent (*see* 7 NYCRR 701.4 [b] [3] [ii]). Petitioner filed a grievance and argued that, as an alternate inmate representative, the position should have been offered to him first. The Central Office Review Committee (hereinafter CORC) ultimately determined that the position was properly filled, and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner appeals.

As an initial matter, respondent argues that this appeal is moot given, among other things, the expiration of the relevant term of office. However, inasmuch as the issue presented is substantial, novel and likely to recur and could well evade review due to the short six-month terms served by inmate representatives (*see* 7 NYCRR 701.4 [b] [4]), we find that this case falls within the narrow exception to the mootness doctrine (*see Matter of Resnick v County of Ulster*, 44 NY2d 279, 284-285 [1978]; *Matter of Johnson v Ward*, 64 AD2d 186, 187-188 [1978]; *cf. Matter of Thurman v Kelly*, 127 AD2d 993 [1987]).

Turning to the merits, we find that petitioner has failed to demonstrate that CORC's determination was either irrational or arbitrary and capricious (*see Matter of Green v Fischer*, 77 AD3d 1011, 1012 [2010]). In affirming the Superintendent's determination, CORC found that "[petitioner] informed the [Inmate Grievance Program] Clerk that he did not want the job. Additionally, [petitioner] was enrolled in the mess hall training program and would not be available." Under these circumstances, respondent's reliance on 7 NYCRR 701.4 (b) (3) (ii) to fill the vacancy was rational and is, therefore, entitled to deference (*see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, 481 [2008]; *Matter of Hop Wah v Coughlin*, 160 AD2d 1054, 1056 [1990], *lv denied* 76 NY2d 708 [1990]). Accordingly, Supreme Court properly dismissed the petition (*see Matter of Isaac v Fischer*, 69 AD3d 1144, 1144-1145 [2010], *lv denied* 14 NY3d 712 [2010]).

Petitioner's remaining contentions have been considered and found to be either without merit or academic in view of our determination herein.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. ■