■ In the Matter of RICHARD ABREU, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [930 NYS2d 289]—

In 2009, the Legislature amended the Correction Law to add section 803-b, which authorized the Department of Correctional Services to issue "limited credit time allowances" to inmates who met certain criteria, including those who participated as an inmate program associate (hereinafter IPA) for a period of two or more years (Correction Law § 803-b, as added by L 2009, ch 56, pt L, § 4). The effect of the time allowances rendered qualified inmates eligible for conditional release or parole consideration six months earlier than they would have been otherwise (*see* Correction Law § 803-b [1] [b] [i], [ii] [A]). Petitioner, an inmate who had served as a law library clerk since May 2007, filed a grievance in November 2009 believing that he was eligible to receive a time allowance for that service but not having received one. Ultimately, the grievance was denied by the Central Office Review Committee, after which petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Judicial review of the denial of an inmate grievance is limited to whether that determination was irrational, arbitrary and capricious or affected by an error of law (*see Matter of Simmons v New York State Dept. of Correctional Servs.*, 80 AD3d 919, 920 [2011]; *Matter of Hernandez v Fischer*, 79 AD3d 1544, 1546 [2010], *lv denied* 16 NY3d 710 [2011]). Here, petitioner contends that, when the Department of Correctional Services revised the IPA policy and procedures in June 2009, it arbitrarily excluded petitioner's assigned program from the IPA list, rendering him ineligible for the time allowance. However,

nothing in the record establishes that law clerks were ever considered IPAs before or after the passage of Correction Law § 803-b. Indeed, in his grievance, petitioner acknowledges that the IPA policy and procedures, prior to the June 2009 revision, merely listed library services as a "possible" IPA assignment. The departmental guidelines do not specify that an inmate needs to be trained as an IPA in order to serve as a law library clerk. Indeed, although petitioner began serving as a law library clerk in May 2007, he did not complete his IPA training until July 2009. Thus, we cannot say that the Central Office Review Committee acted irrationally in denying petitioner's grievance (*see Matter of Isaac v Fischer*, 69 AD3d 1144, 1144-1145 [2010], *lv denied* 14 NY3d 712 [2010]).

We have reviewed petitioner's remaining contentions and find them to be unavailing.

Peters, J.P., Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.