Matter of Brown v Stanford (2018 NY Slip Op 05396)





Matter of Brown v Stanford


2018 NY Slip Op 05396


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

526092

[*1]In the Matter of FRANK BROWN, Appellant,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Karen L. Murtagh, Prisoners' Legal Services of New York, Albany (Matthew McGowan of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Mackey, J.), entered October 11, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating the date of petitioner's final declaration of delinquency.
Petitioner was convicted of criminal possession of a controlled substance in the fourth degree, and, in July 2007, received a prison sentence of five years, to be followed by three years of postrelease supervision. In August 2010, petitioner was released to postrelease supervision. In January 2011, petitioner
sold cocaine to an undercover police officer but was not arrested at that time. In May 2011, petitioner was arrested for several offenses and, after a June 2011 final revocation hearing, was ultimately declared delinquent for violating the conditions of his postrelease supervision. Following a subsequent completion of a specified drug treatment program, petitioner was restored to postrelease supervision as of August 11, 2011.
On March 2, 2012, while on continued postrelease supervision, petitioner was arrested for the January 2011 drug offense and detained in the local jail. He thereafter pleaded guilty to criminal sale of a controlled substance in the third degree and, on September 11, 2012, was [*2]sentenced, as a second felony offender, to a consecutive six-year prison term, to be followed by three years of postrelease supervision [FN1]. On September 21, 2012, petitioner was received into the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS), at which time the Board of Parole (hereinafter Board) issued a final declaration of delinquency finding petitioner to be delinquent from supervision as of September 11, 2012, the date of his sentencing for his new felony conviction. In so doing, petitioner's postrelease supervision was not interrupted until September 21, 2012, and petitioner was therefore credited with only 10 days of jail time against his six-year prison term for the time that he spent in local jail between his September 11, 2012 sentencing and his September 21, 2012 receipt into the custody of DOCCS. The balance of time that petitioner spent in local jail from the time of his March 2, 2012 arrest to the day prior to his September 11, 2012 sentencing was credited towards his initial period of postrelease supervision (see Penal Law § 70.30 [3]).
Thereafter, petitioner requested that the Board amend his final declaration of delinquency date to March 2, 2012, the date of his arrest for the January 2011 drug offense. The Board denied his request based upon its interpretation of its policy and procedures manual, and petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition, finding that the Board's determination to use the sentencing date as the final declaration of delinquency date under these circumstances was rational and entitled to deference. Petitioner appeals.
We affirm. As an initial matter, respondent argues that this proceeding is barred by res judicata because petitioner brought a prior CPLR article 78 proceeding challenging DOCCS's determination that he is not entitled to jail time credit towards his September 2012 sentence for the time that he spent in local jail between his March 2, 2012 arrest and his September 12, 2012 sentencing [FN2]. Here, however, respondent did not timely move to dismiss the petition and did not assert the defense of res judicata in its answer, and, therefore, this defense is waived (see CPLR 3211 [a] [5]; [e]; Kreamer v Town of Oxford, 96 AD3d 1130, 1132 n 3 [2012]; Ouyang v Jeng, 260 AD2d 618, 619-620 [1999]).
Turning to the merits, petitioner argues that the Board's determination to use the date of his sentencing, rather than the date of his arrest, as the final declaration of delinquency date is irrational. We accord deference to the Board's interpretation of its own regulations, and its [*3]determination must be upheld so long as it is rational and neither arbitrary nor capricious (see Matter of Brooks v Alexander, 64 AD3d 1096, 1098 [2009]). Where, as here, a "person on post-release supervision has been convicted of a new felony committed while under such supervision and a new indeterminate or determinate sentence has been imposed, the [B]oard's rules shall provide for a final declaration of delinquency" (Executive Law § 259-i [3] [d] [iii]). The Board's rules provide, in relevant part, that the final declaration of delinquency date may be "either the offense date or sentence date, depending on the circumstances" (New York State Division of Parole Policy and Procedures Manual, Item 9212.07, at 2 [July 2004]). This rule — which does not provide the option of declaring a person delinquent on an arrest date — is consistent with the regulation that provides that "[t]he date of delinquency is the earliest date that a violation of parole is alleged to have occurred" (9 NYCRR 8004.3 [b]), because an arrest, standing alone, is not a violation of release conditions (see 9 NYCRR 8003.2).
The Board's 2004 policy manual does not specify the circumstances that determine whether the offense date or sentence date is to be used to determine the delinquency date. However, as conceded by petitioner, the offense date is not a practical delinquency date, in light of his unrelated postrelease supervision revocation and restoration to supervision during the time between the offense date and his arrest on that charge. Thus, the Board acted rationally by declaring petitioner delinquent as of the only other date provided by its rules — his sentence date.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Because petitioner was still subject to the undischarged 2007 sentence of imprisonment when he committed the January 2011 drug offense, the September 2012 prison sentence was required to run consecutively to the undischarged 2007 sentence (see Penal Law § 70.25 [2-a]). After petitioner was sentenced in September 2012, he was subject to two periods of postrelease supervision; however, those periods merged by operation of law to form a single three-year period of postrelease supervision (see Penal Law § 70.45 [5] [c]).

Footnote 2: Supreme Court (McNally Jr., J.) dismissed the first petition, finding that petitioner was not entitled to jail time credit because the period of time that he spent in local custody is credited towards his "previously imposed . . . period of post-release supervision to which [petitioner] is subject" (Penal Law § 70.30 [3]).