Matter of Matzell v Annucci (2020 NY Slip Op 01425)





Matter of Matzell v Annucci


2020 NY Slip Op 01425


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528923

[*1]In the Matter of Michael Matzell, Respondent,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Appellant.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for appellant.
Prisoners' Legal Services of New York, Plattsburgh (Michael E. Cassidy of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Ceresia, J.), entered March 12, 2019 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Corrections and Community Supervision finding petitioner ineligible to participate in the shock incarceration program.
Petitioner is an inmate confined at Bare Hill Correctional Facility. Petitioner pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to four years in prison and three years of postrelease supervision. The sentencing court further ordered petitioner to be enrolled in the shock incarceration program (hereinafter program) pursuant to Penal Law § 60.04 (7). This program provides eligible inmates with six months of "rigorous physical activity, intensive regimentation and discipline and rehabilitation therapy and programming" (Correction Law § 865 [2]). An inmate who has successfully completed the program shall be eligible to receive a certificate of earned eligibility and shall be immediately eligible to be conditionally released (see Correction Law § 867 [4]). Petitioner became eligible for participation in the program and was screened for enrollment in January 2018. The Department of Corrections and Community Supervision (hereinafter DOCCS) found him "[n]ot [s]uitable" based upon his drug-related prison disciplinary history. As a result, petitioner commenced the underlying CPLR article 78 proceeding, challenging DOCCS' determination, claiming that it was an unlawful alteration of his sentence. Supreme Court granted the petition on the ground that Penal Law § 60.04 (7) did not permit DOCCS to administratively deny petitioner enrollment in the program when such had been judicially ordered, and further ordered petitioner's enrollment. Respondent appeals.
Upon respondent's appeal, an automatic stay was triggered (see CPLR 5519 [a] [1]). However, upon petitioner's motion, the stay was vacated and he was enrolled in the program, which was to have been completed on December 12, 2019. Although respondent advised this Court that petitioner was removed from the program due to being medically unsuitable, he was enrolled in an alternative-to-shock program, which he completed on December 24, 2019; he was then released to supervised release. As a result, and because the parties' rights will not be "'directly affected by the determination of the appeal'" (Matter of Police Benevolent Assn. of N.Y., Inc. v State of New York, 161 AD3d 1430, 1431 [2018], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]), the appeal is moot. Nevertheless, as "the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Matter of Pelton v Crummey, 156 AD3d 1305, 1306 [2017]), specifically due to the six-month time period necessary to complete the program (see Matter of Mental Hygiene Legal Serv. v Delaney, 176 AD3d 24, 30-31 [2019]; Matter of Simmons v New York State Dept. of Correctional Servs., 80 AD3d 919, 920 [2011]), we find that the exception to the mootness doctrine applies.
Respondent contends that a portion of the last sentence set forth in Penal Law § 60.04 (7) (a), specifically the phrase "any defendant to be enrolled in such program," grants DOCCS the authority to consider an inmate's disciplinary record to determine if the inmate should be enrolled in the program, regardless of whether participation is court ordered. "In reviewing an administrative determination, courts must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652 [2013] [internal quotation marks, brackets and citations omitted]). "Deference is generally accorded to an administrative agency's interpretation of statutes it enforces when the interpretation involves some type of specialized knowledge" (Matter of Belmonte v Snashall, 2 NY3d 560, 565-566 [2004] [citation omitted]). In contrast, "where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency. In such circumstances, the judiciary need not accord any deference to the agency's determination, and is free to ascertain the proper interpretation from the statutory language and legislative intent" (id. at 566 [internal quotation marks, ellipsis and citations omitted]; see Matter of Estate of Youngjohn v Berry Plastics Corp., 169 AD3d 1237, 1239 [2019], lv granted 34 NY3d 903 [2019]; Matter of Verizon N.Y., Inc. v New York State Pub. Serv. Commn., 137 AD3d 66, 68-69 [2016]).
"As this is a question of statutory interpretation, we turn first to the plain language of the statute as the best evidence of legislative intent" (Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review, 3 NY3d 563, 568 [2004] [citation omitted]). As a general rule, a statute's plain language is dispositive. "[A]ll parts of a statute are intended to be given effect and . . . a statutory construction which renders one part meaningless should be avoided" (Artibee v Home Place Corp., 28 NY3d 739, 749 [2017] [internal quotation marks and citations omitted]). Further, "a court cannot amend a statute by inserting words that are not there, and an inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (Matter of Soriano v Elia, 155 AD3d 1496, 1500 [2017] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 31 NY3d 913 [2018]).
The 2009 Drug Law Reform Act of 2009 (L 2009, ch 56, as codified in CPL 440.46 [hereinafter DLRA]) was passed to relieve the often draconian mandates of the Rockefeller Drug Laws of 1973. Specifically, the DLRA "grant[s] relief from what the Legislature perceived as the inordinately harsh punishment for low level non-violent drug offenders that the Rockefeller Drug Laws required" (People v Brown, 25 NY3d 247, 251 [2015] [internal quotation marks and citations omitted]). The DLRA amended Penal Law § 60.04 (7), to provide that a sentencing court "may issue an order directing that [DOCCS] enroll the defendant in the shock incarceration program . . . provided that the defendant is an eligible inmate, as described in [Correction Law § 865 (1)]," and that "any defendant to be enrolled in such program pursuant to this subdivision shall be governed by the same rules and regulations promulgated by [DOCCS], including without limitation those rules and regulations establishing requirements for completion and . . . governing discipline and removal from the program" (Penal Law § 60.04 (7), as amended by L 2009, ch 56). To be statutorily eligible to participate in the program, an inmate who is sentenced to a determinate prison term must, among other requirements, be eligible for conditional release within three years (Correction Law § 865 [1]). It is undisputed that petitioner is statutorily eligible to participate in the program.
"Since the question presented is one of pure statutory construction and the words of the statute are clear," no deference is owed to DOCCS' expertise or specific competence (Matter of Ciaprazi v Goord, 50 AD3d 1270, 1271 [2008]). Notably, prior to the enactment of the DLRA, DOCCS made the ultimate determination regarding an inmate's enrollment in the program (see Correction Law § 867 [1]). The DLRA clearly and specifically changed that mandate. A plain reading of the statute shows that the Legislature expressly granted a sentencing court the authority to "issue an order directing that [DOCCS] enroll [a] defendant in the shock incarceration program" (Penal Law § 60.04 [7]). Where a court sentences an inmate to the program, DOCCS is limited to determining only whether a judicially sentenced shock incarceration inmate "has a medical or mental health condition that [would] render the inmate unable to successfully complete the . . . program" (Correction Law § 867 [2-a]).
Once an inmate has been judicially ordered into the program, DOCCS' participation under Penal Law § 60.04 (7) is expressly limited to its administration of the program, i.e., the completion, discipline and removal of an inmate from the program. If the Legislature intended DOCCS to have administrative discretion as to the eligibility criteria, it could have said so. It is a canon of statutory interpretation that a court cannot by implication supply in a statute a provision that it is reasonable to suppose the Legislature intended to omit (see McKinney's Cons Laws of NY, Statutes § 74). The doctrine of expressio unius est exclusio alterius applies. The specification that DOCCS shall oversee completion, discipline and removal from the program implies in the strongest sense that the omission of DOCCS' administrative eligibility regulation was intentional and not inadvertent (see Kimmel v State of New York, 29 NY3d 386, 394 [2017]; Pajak v Pajak, 56 NY2d 394, 397 [1982]; Matter of Bailey v Joy, 11 Misc 3d 941, 945 [Sup Ct, Westchester County 2006]). Further, respondent's interpretation contradicts CPL 430.10, which states that once a "court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed . . . once the term or period of the sentence has commenced." DOCCS' interpretation would permit it to administratively modify a criminal sentence, rendering the Legislature's grant of judicial authority under the statute meaningless and hamper the purpose of the statute under the DLRA (see Matter of Springer v Board of Educ. of the City Sch. Dist. of the City of N.Y., 27 NY3d 102, 107-108 [2016]; Dalton v Pataki, 11 AD3d 62, 74 [2004], mod 5 NY3d 243 [2005]). DOCCS' interpretation of Penal Law § 60.04 (7) is not reasonable and is inconsistent with the purposes of the statutory scheme. Thus, Supreme Court properly granted the petition and directed petitioner's enrollment in the program pursuant to his sentence.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.