People ex rel. Cadet v Wendland (2020 NY Slip Op 07644)





People ex rel. Cadet v Wendland


2020 NY Slip Op 07644


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530367

[*1]The People of the State of New York ex rel. Joel Cadet, Appellant,
v
Rosemarie Wendland, as Superintendent of Ulster Correctional Facility, Respondent.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Joel Cadet, Holtsville, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered October 30, 2019 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In November 2017, petitioner was convicted in Suffolk County of attempted criminal sale of a controlled substance in the third degree. He was sentenced as a second felony offender to four years in prison followed by three years of postrelease supervision. Shortly thereafter, he was convicted in Kings County of conspiracy in the second degree. In January 2018, he was sentenced as a second felony offender to 4½ to 9 years in prison, to run concurrently with the Suffolk County sentence. The uniform sentence and commitment order provided that the Kings County sentence was to be executed as a sentence of parole supervision pursuant to CPL 410.91 (1), which included a 90-day placement in the Willard drug treatment program.
In September 2019, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus claiming that he should have been transferred to the Willard drug treatment program when the Kings County sentence was imposed. Following respondent's opposition, Supreme Court denied the application without a hearing. Petitioner appeals.
During the pendency of this appeal, petitioner was released to parole supervision. As he is no longer in the custody of the Department of Corrections and Community Supervision, the appeal is now moot and must be dismissed (see People ex rel. Williams v New York State Div. of Parole, 157 AD3d 1170, 1170 [2018]; People ex rel. Lashway v Wenderlich, 118 AD3d 1199, 1200 [2014]).
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.