People ex rel. Williams v Lotz (2022 NY Slip Op 01859)





People ex rel. Williams v Lotz


2022 NY Slip Op 01859


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

532939
[*1]The People of the State of New York ex rel. Victor Williams, Appellant,
v
Peggy Lotz, as Superintendent of Hale Creek Correctional Facility, et al., Respondents.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Karen L. Murtagh, Prisoners' Legal Services of New York, Albany (Matthew McGowan of counsel), for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Kupferman, J.), entered December 18, 2020 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR articles 70, without a hearing.
In 2019, petitioner was sentenced to a prison term upon his conviction for attempted criminal possession of a controlled substance, said sentence to run consecutively to a 2014 sentence remaining on an earlier conviction (People v Williams, 145 AD3d 1188 [2016], lv denied 29 NY3d 1002 [2017]). The 2019 sentencing court directed that he be enrolled in a shock incarceration program. After petitioner completed his 2014 sentence in January 2020, there were delays in screening him for and promptly enrolling him in a shock incarceration program as court-ordered for his 2019 sentence. In July 2020, following administrative screening, petitioner was deemed unsuitable for that program. After petitioner's counsel raised objections to the administrative denial of the court-ordered shock program, petitioner was transferred to Hale Creek Correctional Facility and enrolled in an alternative-to-shock incarceration program.
While petitioner was enrolled in that alternative-to-shock program, he commenced the instant proceeding pursuant to CPLR article 70 seeking his immediate release from custody claiming, among other things, that, as a result of the administrative delay in enrolling him in a shock program, he remained incarcerated beyond the period he would have been incarcerated had he been promptly enrolled in and successfully completed the program. Respondents opposed and Supreme Court dismissed the petition. Petitioner appeals.
Respondents have advised this Court, and we have confirmed, that petitioner was released to community supervision in February 2021. In view of his release, habeas corpus relief is no longer available (see Matter of Matzell v Annucci, 183 AD3d 1, 3 [2020]). Accordingly, his appeal challenging the dismissal of his petition seeking immediate release to community supervision or compensatory time toward his release must be dismissed as moot (see People ex rel. Cadet v Wendland, 189 AD3d 1862, 1862 [2020]; People ex rel. Cuccio v Racette, 138 AD3d 1364, 1365 [2016]). The exception to the mootness doctrine does not apply, as the limited discretion statutorily reposed in the Department of Corrections and Community Supervision regarding court-ordered shock incarceration has been clarified (see Matter of Matzell v Annucci, 183 AD3d at 6) and the issues presented are not novel or likely to recur (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707 [1980]). Petitioner's remaining contentions do not alter this conclusion.
Lynch, J.P., Clark, Colangelo and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.