People ex rel. Potter v Superintendent of Riverview Corr. Facility (2022 NY Slip Op 04771)

People ex rel. Potter v Superintendent of Riverview Corr. Facility

2022 NY Slip Op 04771

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

533632
[*1]The People of the State of New York ex rel. Donald J. Potter, Appellant,
v
Superintendent of Riverview Correctional Facility, Respondent.

Calendar Date:June 17, 2022

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Donald J. Potter, Newburgh, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Cuevas, J.), entered May 28, 2021 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
In 2019, following a jury trial, petitioner was convicted of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the third degree and possession of burglar's tools and was sentenced to a controlling prison term of 3½ to 7 years. The charges stemmed from conduct that occurred in Orange County in 2018. In April 2021, petitioner also pleaded guilty in Westchester County to attempted burglary in the third degree (based upon conduct that occurred in 2017), and the resulting prison term was to be served concurrently with the sentence previously imposed. Shortly thereafter, petitioner commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus alleging that his detention was invalid due to various procedural and jurisdictional defects in the commencement of the Orange County prosecution. Following service of respondent's answer, Supreme Court dismissed the petition, finding that all of the alleged infirmities raised by petitioner could have been addressed upon his direct appeal (apparently pending before the Second Department) or in the context of a CPL article 440 motion. This appeal ensued.
Respondent has advised this Court — and our review confirms — that, during the pendency of this appeal, petitioner was released to parole supervision. As petitioner is no longer in the custody of the Department of Corrections and Community Supervision, habeas corpus relief is no longer available, and the appeal must be dismissed as moot (see People ex rel. Williams v Lotz, 203 AD3d 1423, 1424 [2022]; People ex rel. Cadet v Wendland, 189 AD3d 1862, 1862 [2020]; People ex rel. Kim v Smith, 156 AD3d 1100, 1101 [2017]). We further discern no basis upon which to invoke the exception to the mootness doctrine. In any event, "habeas corpus relief is unavailable where, as here, petitioner's claims were or could have been raised on direct appeal or in a CPL article 440 motion, even if they are jurisdictional in nature" (People ex rel. Kelsey v Lewin, 203 AD3d 1366, 1367 [2022] [internal quotation marks and citations omitted], appeal dismissed ___ NY3d ___ [June 14, 2022]; accord People ex rel. Brown v Tedford, 196 AD3d 965, 966 [2021], lv denied 37 NY3d 918 [2022]; see People ex rel. Garcia v Smith, 173 AD3d 1570, 1571 [2019]).
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.