Gordon v Envision Physician Servs., LLC
2026 NY Slip Op 03857
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

O'Dell Gordon, Appellant,
v
Envision Physician Services, LLC, et al., Respondents, et al., Defendants.

Decided and Entered:June 18, 2026
CV-25-0154
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

Charny & Wheeler PC, Rhinebeck (Russell G. Wheeler of counsel), for appellant.
Littler Mendelson, PC, New York City (Eli Z. Freedberg of counsel), for respondents.

[*1]
Ryba, J.
Appeal from an order of the Supreme Court (David Gandin, J.), entered December 23, 2024 in Ulster County, which granted a motion by defendants Envision Physical Services, LLC and Kingston Emergency Medical Associates, PLLC to dismiss the complaint against them.
Plaintiff, a licensed nurse practitioner with a prior felony conviction that is sealed pursuant to CPL § 160.59, commenced this action alleging that defendants engaged in an unlawful discriminatory practice by inquiring into his felony conviction in violation of Executive Law § 296 (16). According to the complaint, plaintiff completed an employment application prepared by defendants Envision Physician Services, LLC and Kingston Emergency Medical Associates, PLLC (hereinafter collectively referred to as Envision) for the position of emergency department nurse at defendant Health Alliance Hospital Mary's Avenue Campus, a hospital owned and operated by defendant Health Alliance Inc. (hereinafter collectively referred to as the hospital defendants). The complaint alleges that the application contained a generalized question inquiring, "Have you ever been convicted or plead[ed] guilty to a felony?", to which plaintiff responded "NO." According to plaintiff, Envision forwarded his completed application to the hospital defendants who performed a background investigation that disclosed plaintiff's sealed felony conviction. Plaintiff alleges that the hospital defendants thereafter rejected his employment application due to his untruthful response to the question regarding the existence of a prior felony conviction. Envision moved to dismiss the complaint against it arguing, among other things, that the facts alleged by plaintiff failed to state a cognizable cause of action for discrimination under Executive Law § 296 (16). Supreme Court granted the motion, and plaintiff now appeals.FN1
When considering a motion to dismiss for failure to state a cause of action, we "must accept the facts alleged in the complaint as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Van Amburgh v Boadle, 231 AD3d 187, 189 [3d Dept 2024] [internal quotation marks and citations omitted]; see De La Roca v Schacht, 244 AD3d 1570, 1572 [3d Dept 2025]). The criterion for this determination "is whether the proponent of the pleading has a cause of action, not whether he or she has stated one" (Colt v Nathan Littauer Hosp., 236 AD3d 1216, 1217 [3d Dept 2025], lv denied 44 NY3d 903 [2025] [internal quotation marks and citations omitted]; see 306 Wall St. Owners, LLC v City of Kingston, 241 AD3d 1692, 1694 [3d Dept 2025]). However, the favorable treatment accorded to a plaintiff's complaint is not unlimited, and dismissal is warranted if the factual allegations and reasonable inferences to be drawn therefrom fail to establish an enforceable right of recovery (see Connaughton v Chipotle Mexican Grill, Inc., [*2]29 NY3d 137, 142 [2017]; Doe v Tobin & Dempf, LLP, 247 AD3d 1320, 1322 [3d Dept 2026]; He v Apple, Inc., 189 AD3d 1984, 1985 [3d Dept 2020]).
The determination of whether the complaint states a cognizable claim under Executive Law § 296 (16) is a matter of pure statutory construction, and we thus turn to the language of the statute as the best evidence of whether the Legislature intended to prohibit the challenged inquiry (see Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 56 [2011]; Hauser v Fort Hudson Nursing Ctr., Inc.,202 AD3d 45, 48 [3d Dept 2021]; Matter of Verizon N.Y., Inc. v New York State Pub. Serv. Commn., 137 AD3d 66, 69 [3d Dept 2016]). Executive Law § 296 (16) makes it an unlawful discriminatory practice for prospective employers to inquire about or take adverse action based upon certain specific criminal dispositions and adjudications enumerated in the statute (see Executive Law § 296 [16]). Where, as here, a "statute describes the particular situations in which it is to apply . . . , an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (Matter of Jose R., 83 NY2d 388, 394 [1994] [internal quotation marks and citations omitted]; see Colon v Martin, 35 NY3d 75, 78 [2020]). This longstanding principle of statutory construction is an "interpretive maxim that the inclusion of a particular thing in a statute implies an intent to exclude other things not included" (Cruz v TD Bank, N.A., 22 NY3d 61, 72 [2013]). In other words, we cannot read Executive Law § 296 (16) to prohibit an inquiry that is not specifically enumerated in the statute, as we must construe the Legislature's failure to include such matter as an indication that its exclusion was intended (see Matter of Gonzalez v Northeast Parent & Child Socy., ___ NY3d ___, ___, 2026 NY Slip Op 01443, *2 [2026]; Colon v Martin, 35 NY3d at 78).
Applying the foregoing standards, the complaint fails to state a cause of action against Envision. The exhaustive list of inquiries prohibited by Executive Law § 296 (16) does not include the generalized inquiry posed here, namely, whether a job applicant has ever been convicted of or pleaded guilty to a felony. The fact that the Legislature established a comprehensive list of specific criminal dispositions and adjudications protected from inquiry but elected not to include a felony conviction or guilty plea among those dispositions implies in the strongest sense that the omission was intentional and not inadvertent (see Matter of Walker v Commissioner, N.Y. State Dept. of Corr. & Community Supervision, 241 AD3d 1, 3 [3d Dept 2025]; Matter of Matzell v Annucci, 183 AD3d 1, 6 [3d Dept 2020]). "It is a canon of statutory interpretation that a court cannot by implication supply in a statute a provision that it is reasonable to suppose the Legislature intended to omit" (Matter of Matzell v Annucci,183 AD3d at 6 [citation omitted]). Indeed, had the Legislature intended a blanket prohibition [*3]against prospective employers inquiring into the existence of any felony conviction whatsoever, it would have stated so in explicit language, and we cannot create a limitation in the statute that the Legislature chose not to enact (see Matter of Smith v City of Norwich, 205 AD3d 140, 144 [3d Dept 2022]).
Finally, to the extent that plaintiff contends that the challenged question was encompassed by the statutory prohibition against a specific inquiry into "any arrest or criminal accusation . . . which was followed by . . . a conviction which is sealed pursuant to [CPL 160.59]" (Executive Law § 296 [16]), the complaint does not allege that Envision specifically inquired into whether plaintiff had a conviction that was sealed. Nor does the complaint set forth that Envision conducted the background search leading to disclosure of plaintiff's sealed conviction, or that Envision took any adverse action against plaintiff based on that conviction. As the facts alleged in the complaint do not fit within any cognizable theory for recovery against Envision under Executive Law § 296 (16), Supreme Court properly dismissed the complaint against it. In view of the foregoing, we need not address the alternative grounds for dismissal advanced by Envision.
Aarons, J.P., Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1
The hospital defendants did not participate in the underlying motion and take no part in this appeal.